TURNPIKE COMPANY *v.* HEARN.

(*Nashville.* February 3, 1889.)

1. EVIDENCE. *Of habit of animal.*

Habit of animal is a continuous fact to be shown by proof of successive acts of similar character.

2. SAME. *Same. Subsequent acts.*

Subsequent acts of similar character are competent to prove fixed habit of animal at a previous date—there being also evidence of conduct of animal at and prior to that date.

Case cited and approved: 8 Allen, 51.

FROM WILSON.

Appeal in error from Circuit Court of Wilson County. ROBERT CANTRELL, J.

R. E. THOMPSON, E. E. BEARD, R. P. McCLAIN, and JORDAN STOKES for Turnpike Company.

LILLARD THOMPSON, GRIBBLE & McMILLAN, and D. O. WILLIAMS for Hearn.

SNODGRASS, J. Hearn sued the plaintiff in error for damages for an injury sustained by him in consequence of being thrown from a buggy while

attempting to drive across a small bridge on the
Lebanon and Sparta Turnpike. The accident was
occasioned by the balking of the horse which he
was driving. Hearn averred that the conduct of
the . horse was attributable to a defect in the
bridge.

Among other defenses the company insisted that
the accident resulted from the negligence of Hearn
in driving improperly an unmanageable horse, or
one difficult of control. It offered evidence tend-
ing to show that the horse was of such disposi-
tion before and after the accident.

The evidence as to the conduct and character
of the horse before the accident was admitted, and
rejected as to that after the accident; and of this
error is assigned.

We are of opinion that the evidence rejected
was admissible. The objection that, being after-
ward, the vicious or unmanageable or timid con-
duct of the horse may have been occasioned by
this fright, and that therefore the evidence must
be rejected is not sound. It assumes that the
fright was the necessary, provoking cause, which
it may or may not have been. This affects the
weight, not the admissibility, of the evidence.

It should have been admitted and considered for
what it was worth. In a well considered case,
decided by the Supreme Judicial Court of Massa-
chusetts, it was held that evidence relating to the
habits of a horse subsequent to the accident (where ·
the question involved was the same as here) was

Turnpike Company *v.* Hearn.

admissible, and objection to it went to its weight rather than to its competency.

That the habit of an animal is in its nature a continuous fact to be shown by proof of successive acts of a similar kind, and evidence having been first offered to show that the horse had been restive and unmanageable previous to the occasion in question, testimony that he subsequently manifested a similar disposition was competent to prove that his previous conduct was not accidental or unusual, but frequent, and the result of a fixed habit at the time of the accident. *Todd* v. *Inhabitants of Rowley,* 8 Allen, 51.

Let the judgment be reversed, and the case remanded for a new trial.